**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-10092
Summary Calendar
_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

ANDREW LEE McCLINTON,

                    Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CR-245-1-P)

---

October 20, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Andrew Lee McClinton appeals his conviction on three counts of affecting interstate commerce by robbery and on three counts of using a firearm in relation to those robberies, in violation of 18 U.S.C. §§ 924(c), 1951.  He contends that the district court erred when it refused to strike a juror for cause and ended the voir dire.  We find no abuse of discretion because the challenged juror ultimately expressed that she could decide the case based on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law and on the evidence presented.  See <u>United States v. Munoz</u>, 15 F.3d 395, 397 (5th Cir. 1994); <u>United States v. Rodriquez</u>, 993 F.2d 1170, 1176 (5th Cir. 1993).

McClinton also argues that the trial court abused its discretion when it permitted the Government to prove that the businesses McClinton robbed purchased products manufactured in other states based on their employees' testimony that product labels indicated the same.  McClinton posits that the fact that a business has corporate headquarters in another state does not prove interstate commerce, and the Government relied primarily on product labels and invoices to prove its case.

Each of the employees who testified had personal knowledge of the interstate nature of the businesses gained by their daily work. <u>See</u> Fed. R. Evid. 602; <u>United States v. Davis</u>, 792 F.2d 1299, 1304-05 (5th Cir. 1986).  They did not rely solely on product labels or invoices.  Therefore, McClinton's argument that this testimony was hearsay fails.  Moreover, the employees' testimony showed that the robberies depleted the businesses' assets and that it was the regular course of those businesses to buy products from out of state.  This was sufficient to sustain a Hobbs Act conviction. <u>United States v. Hebert</u>, 131 F.3d 514, 523-24 n.8 (5th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 1571 (1998).  The district court's admission of testimony about product labels and purchase orders, if error, was harmless.  <u>See</u> <u>Cupit v. Whitley</u>, 28 F.3d 532, 539 (5th Cir. 1994).

Last, McClinton contends that the trial court was required to

-2-

instruct the jury that the Government had to prove a "substantial" effect on interstate commerce.  This argument is precluded by this court's decision in <u>Herbert</u>, 131 F.3d at 520-21.

McClinton's conviction is AFFIRMED.